985 F.2d 574
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Hector TORREZ-HERRERA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70110.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 27, 1993.*
Decided Feb. 5, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hector Torrez-Herrara, a citizen of Honduras, petitions for review of the Board of Immigration Appeals' (BIA) dismissal of his appeal of the immigration judge's denial of his applications for asylum and withholding of deportation pursuant to 8 U.S.C. §§ 1158(a) & 1253(h). We have jurisdiction under 8 U.S.C. § 1105a(a), and deny the petition for review.
 
 
 3
 We review the BIA's decision denying political asylum for abuse of discretion. Bolanos-Hernandez v. INS, 767 F.2d 1277, 1282 n. 9 (9th Cir.1984). The BIA's factual findings concerning eligibility for asylum and withholding of deportation are reviewed under the substantial evidence standard and must be upheld if supported by reasonable, substantial, and probative evidence on the record considered as a whole. De Valle v. INS, 901 F.2d 787, 790 (9th Cir.1990).
 
 
 4
 An alien who seeks withholding of deportation must show that his "life or freedom would be threatened" and must establish a "clear probability of persecution" on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. 1253(h)(1); INS v. Stevic, 467 U.S. 407, 424 (1984); Rebollo-Jovel v. INS, 794 F.2d 441, 443 (9th Cir.1986). "Evidence of general conditions of strife is insufficient by itself to establish a clear probability of persecution." Rebollo-Jovel, 794 F.2d at 443.
 
 
 5
 It is within the discretion of the Attorney General to grant asylum to an alien who demonstrates that he is a "refugee" under 8 U.S.C. §§ 1158(a) & 1101(a)(42)(A). Rebollo-Jovel, 794 F.2d at 443. In order for an alien to be termed a "refugee" and granted asylum, he must show a "well founded fear of persecution" on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. §§ 1158(a), 1101(a)(42)(A); INS v. Cardozo-Fonseca, 480 U.S. 421, 428 (1987). "A 'well founded fear' contains both a subjective component, requiring the fear to be genuine, and an objective component, which 'requires a showing, by credible, direct, and specific evidence in the record, of facts that would support a reasonable fear that the petitioner faces persecution.' " Rebollo-Jovel, 794 F.2d at 443; (quoting Diaz-Escobar v. INS, 782 F.2d 1488, 1492 (9th Cir.1986)).
 
 
 6
 Torrez-Herrera, a citizen of Honduras, filed for an application for asylum in the United States. He testified that he left Honduras because of the role he played in the investigation, apprehension, and prosecution of drug traffickers. He testified that he was recruited by the Honduran Department of Investigations to provide information about drug traffickers.
 
 
 7
 In 1984 Torrez-Herrera learned that the drug traffickers had discovered that he was an undercover spy for the government and tried to shoot him. Some of his friends also warned him that the traffickers had learned of his role and were planning his death. Torrez-Herrera states that as a result of this fear, he fled to Mexico and then to the United States in 1990.
 
 
 8
 Torrez-Herrera's fear of returning to Honduras because of possible retribution by drug traffickers does not fall under any of the five statutory categories for either a grant of asylum or for a withholding of deportation. The dangers that may confront him arise from the role he played as an undercover narcotics agent and are not related to his race, religion, nationality, membership in a particular social group, or his political opinion. See Rebollo-Jovel, 794 F.2d at 443.
 
 
 9
 Accordingly, because the BIA did not err by denying Torrez-Herrera's request for a grant of asylum or for a withholding of deportation, his petition for review is denied. See id.
 
 
 10
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3